```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```
CLERISY CORP., and REED TRANSITION
TECHNOLOGIES, LLC,

                      Plaintiffs,                  12-CV-6396

                            v.                  **DECISION AND ORDER**

AIRWARE HOLDINGS, INC.
(d/b/a/ AIRWARE LABS), and
CROWN DYNAMICS CORP.,

                      Defendants,
_____

## **INTRODUCTION**

    Plaintiffs, Clerisy Corp. ("Clerisy") and Reed Transition Technologies, LLC ("Reed") (collectively, "Plaintiffs"), bring this action for patent infringement against AirWare Holdings, Inc. and Crown Dynamics Corp. (collectively, "Defendants") relating to United States Patent Number 6,295,982 ("the '982 Patent") entitled "Apparatus for and Methods of Administering Volatile Substances into an Inhalation Flow Path", issued by the United States Patent and Trademark Office on October 2, 2001. (Docket No. 1.) Defendants, both having their principal places of business located in Scottsdale, Arizona, move for an Order transferring this case to the United States District Court for the District of Arizona; or, in the alternative, to dismiss for lack of personal jurisdiction and lack of standing as to Clerisy Corp. (Docket No. 14.)

    For the reasons discussed herein, this Court grants Defendants' motion to transfer to the United States District Court

for the District of Arizona and denies as moot the motion to dismiss for lack of personal jurisdiction. In the interest of consistency in the administration of this case, the Court leaves the determination of the motion to dismiss for lack of standing to the United States District Court for the District of Arizona.

## DISCUSSION

28 U.S.C. § 1404 provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A district court may consider, *inter alia*, the following factors when determining whether to grant a motion to transfer venue: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., 599 F.3d 102, 112 (2d Cir. 2010)(quoting D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-7)). The party moving for transfer must show by clear and convincing evidence that the factors favor the transfer. N.Y. Marine, 599 F.3d at 113-114.

(1) <u>Plaintiffs' Choice of Forum</u>

A plaintiff's choice of forum is generally entitled to substantial deference; however, if "the balance is strongly in favor of the defendant" the court may, in its discretion, determine that venue is more appropriate in another district court. <u>See</u> <u>Gross v. British Broadcasting Corp.</u>, 386 F.3d 224, 230 (2d Cir.2004). Plaintiff's choice of forum is entitled to little deference where the "locus of operative facts lay elsewhere," or if the plaintiff (or, as in this case, one of the plaintiffs) is not located in the forum district. <u>See</u> <u>Fuji Photo Film Co., Ltd. v. Lear Media, Inc.</u>, 415 F.Supp.2d 370, 376 (S.D.N.Y. 2006).

Plaintiffs chose to bring this case in this District. However, one of the Plaintiffs, Reed, is located within the District of Arizona, in Sedona, Arizona - a fact which will also affect the analysis of the convenience of the parties. Additionally, as discussed below, the most relevant facts will be located outside of this district, primarily in the District of Arizona. Accordingly, the Court finds that Plaintiffs' choice of forum is entitled to some weight, but not substantial deference.

(2) <u>The Convenience of the Witnesses</u>

"Convenience of both the party and non-party witnesses is probably the single-most important fact in the analysis of whether transfer should be granted." <u>Fuji</u>, 415 F.Supp.2d at 373 (quoting <u>Berman v. Informix Corp.</u>, 30 F.Supp.2d 653, 656 (S.D.N.Y.1998)).

3

The expected materiality of the witness' testimony should be considered, and a mere tally of the number witnesses in each forum is an insufficient method to determine whether the convenience of the witnesses supports a transfer. Id.

Plaintiffs state that "Plaintiff Clerisy has five party witnesses in New York ... that have knowledge regarding Clerisy's patented products and its business." They further state that the owner of Reed, and the wife of the deceased '982 Patent inventor, who lives in Arizona, is willing to travel to New York. Plaintiffs also identify a non-party witness, an unspecified major grocery chain in New York, that may testify regarding damages.

For their part, Defendants state that they have four witnesses located within the District of Arizona who will testify regarding the "accused products, their design and development, the market for the accused products, and their sales and distribution." They argue that this factor weighs in favor of transfer because the key witnesses, those with knowledge of the design and development of the '982 Patent (Reed, and its owner and employees), and those with knowledge of the design and development of the accused products, employees of the Defendants, all reside in Arizona. Def. Reply at 4 (citing Fuji, 415 F.Supp.2d at 373 ("The key issues in a patent infringement suit involve the technology of the inventions claimed in the patents-in-suit.")).

This Court agrees. Clerisy is a licensee of the '982 Patent,

which was developed by Reed, allegedly in North Carolina, and whose owner, who resides in Arizona, will likely testify to the facts surrounding its design and development. While the owner of Reed is willing to travel to New York, this does not change the fact that it is still more <u>convenient</u>, and less costly, for her to remain in Arizona. Although Clerisy's employees residing in New York will have knowledge of the production of Clerisy's products which employ the '982 patent, the Court finds that such facts are not as relevant to a patent suit as the facts surrounding the design and development of the patent itself and the design and development of the allegedly infringing products. Further, testimony on damages will only be relevant should infringement first be found. Accordingly, the Court finds that this factor weighs in favor of transfer.

    (3) <u>The Location of Relevant Documents</u>

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." <u>Fuji</u>, 415 F.2d at 375; <u>accord</u> <u>Defenshield Inc. v. First Choice Armor & Equip.</u>, 2012 WL 1069088, *12 (N.D.N.Y. March 19, 2012). Although advances in technology may lessen the importance of this factor to the overall balance of the equities, the Court finds that this factor weighs in favor of transfer.

    (4) <u>The Convenience of Parties</u>

It is obviously more convenient for the Defendants to litigate

5

this case in Arizona. While it would be inequitable for the Court to shift the burden of convenience to the Plaintiffs, the Court notes that it is only inconvenient for Plaintiff Clerisy, as Reed is located in Arizona. As three of the four parties reside in Arizona, and, as discussed above, the bulk of the relevant evidence will come from the Defendants, Reed, and Reed's owner, the Court finds that this factor weighs in favor of transfer.

 (5) <u>The Locus of Operative Facts</u>

In a patent infringement case, the most relevant facts relate to the "design, development and production of a patented product." <u>Fuji</u>, 415 F.Supp.2d at 375; <u>Defenshield</u>, 2012 WL 1069088, at *13. Facts relating to both the patented product and the allegedly infringing product may be relevant to the case, however, as noted above, the majority of such facts in this case are located in Arizona. Accordingly, the Court finds that this factor favors transfer.

 (6) <u>The Availability of Compulsory Process</u>

Neither party contests that this factor is not relevant to this case, as the majority of the witnesses, and those with the most relevant testimony will be party witnesses. Accordingly, the Court finds that this factor is neutral.

 (7) <u>The Relative Means of the Parties</u>

Plaintiff Clerisy contends that "Clerisy is a small company that has significant financial issues. Clerisy has incurred

substantial operating losses over its seven-year existence." Maida Decl. at ¶10.  Plaintiffs provide no information regarding the potential financial burden to co-Plaintiff Reed of litigating this case in New York.  While it is unclear from the Plaintiffs' submissions whether Clerisy intends to shoulder the financial burden of this litigation, at least to some extent, the financial burden of this litigation will be shared, based on the co-plaintiff nature of this lawsuit.  There is also no information in the record regarding the relative financial position of the Defendants.  However, because the Defendants have the burden of coming forward with clear and convincing evidence that this factor favors transfer, and the only information in the record regarding the relative financial situation of the parties is Clerisy's statement that it would suffer financial harm by litigating this case in Arizona, the Court finds that this factor favors the Plaintiffs' choice of forum.  However, based on the co-Plaintiff nature of this suit, the fact that Reed is in Arizona, and the relative lack of information in the record regarding whether and how the Plaintiffs intend to share the costs of this lawsuit, the Court attributes this factor less weight.

    (8) <u>Balancing the Factors</u>

    Two factors weigh against transfer, the Plaintiffs' choice of forum and the relative means of the parties.  The Court has found that both of these factors carry less weight than some of the other

7

factors, particularly, the convenience of the witnesses. One factor is neutral, and the remaining four factors weigh in favor of transfer. In its discretion and in the interest of justice, the Court finds that, taken together, the factors weigh in favor of transfer to the United States District Court for the District of Arizona.

Because this Court has determined that this case should be transferred to the District Court of Arizona, the motion to dismiss for lack of personal jurisdiction is moot. Further, to maintain consistency in the administration of this case going forward, the motion to dismiss the claims brought by Plaintiff Clerisy for lack of standing is left to be determined by the District Court of Arizona. Therefore, the Clerk of the Court is directed to transfer this Case to the District Court of Arizona.

### **CONCLUSION**

For the reasons set forth herein, the Clerk of the Court is directed to transfer this case to the United States District Court for the District of Arizona. Defendants' motion to dismiss for lack of personal jurisdiction is denied as moot and the motion to dismiss for lack of standing is left to be determined by the District Court of Arizona.

**ALL OF THE ABOVE IS SO ORDERED.**

    S/ MICHAEL A. TELESCA
HON. MICHAEL A. TELESCA
United States District Judge

Dated:     Rochester, New York
           October 4, 2012